UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>ROBERT SCOTT MURRAY; TRILLIUM CAPITAL, LLC;<br><br>*Defendants*,<br><br>THE R. SCOTT MURRAY REMAINDER TRUST — 2000,<br><br>*Relief Defendant*. | Case No. 24-cv-11432<br><br>**JURY TRIAL DEMANDED** |

**CONSENT OF DEFENDANTS**

1. Defendant Robert Scott Murray ("Murray"), Defendant Trillium Capital, LLC ("Trillium), and Relief Defendant The R. Scott Murray Remainder Trust — 2000 ("RSMR Trust") (collectively, "Defendants") waive service of a summons and the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Defendant Murray has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Murray*, Crim. No. 1:24-cr-10160-DJC (D. Mass.), Defendant Murray had agreed to plead guilty to one count of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b–5. In connection with that plea, Defendant Murray admitted the facts set out in the Information that is attached as

1

Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Murray*.

      3.      Defendants hereby consent to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendants Murray and Trillium from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b–5 [17 C.F.R. § 240.10b–5];

    (b)    permanently enjoins Murray, Trillium, and any entities owned or controlled by Murray or Trillium, from (i) participating in the issuance, purchase, offer, or sale of any security, or (ii) engaging in activities for purposes of inducing or attempting to induce the purchase or sale of any security; provided, however, that such injunction shall not prevent Murray from purchasing or selling securities ~~listed on a national securities exchange~~ for his own personal account; <span style="color:red">ZAA (SEC) / CSF (DEFS)</span>

    (c)    pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], permanently enjoins Murray from acting as an officer or director of any issuer that has a class of securities registered

pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

(d) requests that the Court decide whether to order disgorgement from Defendants, in an amount to be determined after further proceedings, of all funds received from Murray's and Trillium's illegal conduct, together with prejudgment interest thereon, under Section 21(d)(3), Section 21(d)(5), and Section 21(d)(7) of the Exchange Act [15 U.S.C. §§ 78u(d)(3), (5), and (7)]; and

(e) requests that the Court decide whether to order Defendants Murray and Trillium to pay civil penalties, in an amount to be determined after further proceedings, under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

4. Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay in this matter, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay in this matter, regardless of

whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

     5.     Defendants agree that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains, prejudgment interest thereon, pursuant to Section 21(d)(3), Section 21(d)(5), and Section 21(d)(7) of the Exchange Act [15 U.S.C. §§ 78u(d)(3), (5), and (7)], and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and, if so, the amount(s) of the disgorgement and/or civil penalty. The Defendants further understand that, if disgorgement is ordered, Defendants shall pay prejudgment interest thereon, calculated from April 24, 2023, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendants further agree that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of this Consent or the Judgment; (c) for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

6. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8. Defendants enter into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9. Defendants agree that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10. Defendants will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendants waive service of the Judgment and agree that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Judgment.

12. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understands that they shall not be permitted to contest the factual allegations of the complaint in this action.

13. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As

part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants acknowledge the guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulate for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendants breach this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.    Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

21.    Defendant Murray agrees to waive all objections, including but not limited to constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the judgment is entered.

22.    Defendants agree that the Commission may present the Judgment to the Court for signature and entry without further notice.

23.    Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: May 13, 2024    _____
Robert Scott Murray

On _13th_, 2024, _May_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: August 11, 2028

Danielle Codie Grout
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
August 11, 2028

8

Dated: MAY 13, 2024

Trillium Capital LLC

By: _____
[Name of person signing for entity]
[Title] manager
[Address] 21 Squaws Ln
Mashpee MA
02649

On 13 May, 2024, Robert Murray, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Robert Murray as its Trustee.

*[Notary seal: Danielle Codie Grout, Notary Public, COMMONWEALTH OF MASSACHUSETTS, My Commission Expires August 11, 2028]*

_____
Notary Public
Commission expires: AUGUST 11, 2028

Dated: May 13, 2024

The R. Scott Murray Remainder Trust 2000

By: _____
[Name of person signing for entity]
[Title] Trustee
[Address] 21 Squaws Ln.
Mashpee MA
02649

On 13 May, 2024, Robert Murray, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Robert Murray as its Trustee.

_____
Notary Public
Commission expires: AUGUST 11, 2028

Approved as to form:

_____
[Defense attorney's name, address, and telephone number]
Attorney for Defendant

John F. Sylvia
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
617-348-1820

*[Notary seal: Danielle Codie Grout, Notary Public, COMMONWEALTH OF MASSACHUSETTS, My Commission Expires August 11, 2028]*

9